UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JAMES MEJIA,<br><br>Petitioner,<br><br>v.<br><br>C.E. DUCART, Warden,<br><br>Respondent. | NO. SACV 16-1760-VBF (AGR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus, the other records on file herein, the Report and Recommendation of the United States Magistrate Judge ("Report") and the Objections. Further, the Court has engaged in a *de novo* review of those portions of the Report and Recommendation to which objections have been made. The Court accepts the findings and recommendation of the Magistrate Judge.

With respect to Ground One, Petitioner cites *Andrade v. Foulk*, 2016 U.S. Dist. LEXIS 17777 (E.D. Cal. Feb. 11, 2016), for his argument that uncorroborated accomplice testimony cannot support a criminal conviction. *Andrade*, however, denied federal habeas relief. *Id.* at *41; *see Caminetti v. United States*, 242 U.S. 470, 495 (1917) ("there is no absolute rule of law

preventing convictions on the testimony of accomplices if juries believe them");
*United States v. Necoechea*, 986 F.2d 1273, 1282 (9th Cir. 1993). *Andrade* is consistent with the Report.

Petitioner's remaining objections are without merit.

Petitioner's request for appointment of counsel is denied. A noncapital federal habeas petitioner generally does not have a constitutional right to counsel. *McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Petitioner has evidenced a good understanding of the issues and has been able to articulate his grounds for relief. Briefing has now concluded. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987). Petitioner has not shown that the interests of justice warrant appointment. 18 U.S.C. § 3006A(a)(2)(B).

Petitioner also has not shown that investigator services are necessary within the meaning of 18 U.S.C. § 3006A(e). Petitioner asks for an investigator to obtain his trial counsel's file, police reports, CDs of the interrogation, evidence about the car headlights and back windows, and an affidavit from the driver of the car. Petitioner does not explain why he needs the CDs. Transcripts of interviews are in the record. (Clerk's Transcript, Lodged Document ("LD") 2 at 315-61, 363-409.) Petitioner has not shown a need for police reports or evidence about the car headlights and back windows. (*See* Report at 24.) Petitioner has not shown a need for an investigator to obtain now an affidavit from the driver. The Report recommended that Petitioner's ineffective assistance of counsel claim be denied because, among other things, Petitioner has not shown counsel could have compelled the co-defendant driver, who was represented by separate counsel and scheduled for a later trial, to testify at Petitioner's trial. (Report at 23-24.) The analysis under *Strickland* must "eliminate the distorting effects of hindsight" and "evaluate the conduct from counsel's perspective at the time." *Strickland v.*

1 | *Washington*, 466 U.S. 668, 689 (1984); *see Edwards v. Miller*, 2016 U.S. Dist. LEXIS 72273, *71-*72 (S.D. Cal. June 1, 2016) (finding petitioner failed to establish good cause for appointment of expert for independent DNA testing in support of ineffective assistance claim).  Petitioner has not otherwise shown a need for his counsel's trial file.  *See Stubbs v. Gomez*, 189 F.3d 1099, 1107 (9th Cir. 1999) (affirming denial of request under § 3006A(e)).

IT THEREFORE IS ORDERED that judgment be entered denying the Petition and dismissing this action on the merits with prejudice.

Dated: November 7, 2019

*/s/ Valerie Baker Fairbank*
VALERIE BAKER FAIRBANK
United States District Judge